

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2011R01744

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 11, 2012

<u>By Federal Express and ECF</u>

Joseph R. Corozzo, Jr., Esq.
Rubinstein & Corozzo LLP
260 Madison Avenue
New York, NY 10016

   Re:  <u>United States v. Carmine Persico</u>
       <u>Criminal Docket No. 11-845 (SJ)</u>

Dear Mr. Corozzo,

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following additional discovery in the above-captioned case and incorporates by reference the government's discovery letters filed in <u>United States v. Andrew Russo, et al.</u> ("<u>Russo</u>") (Docket Entry Nos. 187, 239 and 374).  This discovery supplements the material provided to you by the government by letters dated December 22, 2011 and December 23, 2011.  The government also renews its prior requests for reciprocal discovery from the defendant.

  1.  <u>Statements of the Defendant</u>

  In a letter filed on January 31, 2011 in <u>Russo</u>, the government detailed various consensual recordings made by cooperating witnesses of various individuals, including the defendant.  (<u>See</u> <u>Russo</u>, Docket Entry No. 187).  You may obtain these materials by contacting John Palermo at (973) 895-1359.  Please make sure you reference the discovery letter, dated January 31, 2011, filed in <u>United States v. Andrew Russo</u>, Criminal Docket No. 11-0030 (KAM), when ordering these materials.  Please note that these materials are subject to the protective order entered on February 25, 2011, a copy of which is enclosed.  (<u>See</u> Docket Entry No. 269).

  Specifically, in or about and between September 2009 and January 2011, a cooperating witness, who was an associate of the Colombo family, consensually recorded meetings with the defendant and his associates.  This witness was identified in the

Russo letter as CW-4.  The government currently understands that the defendant was intercepted on Exhibits 871, 873 and 928.  A copy of the discovery letter, filed on January 31, 2011 in Russo, in which the materials were detailed is also enclosed.

Counsel will be able to obtain transcripts related to these consensual recordings (and consensual recordings yet to be produced) as the transcripts become available and once the enclosed stipulation regarding the transcripts is signed and returned to the government.

2. The Defendant's Criminal History

A copy of a report detailing the defendant's criminal history is also enclosed.

3. Documents and Tangible Objects

The government is in possession of four cellular telephones, $2,000 in United States currency and various papers that were seized from the defendant's residence on the day of his arrest.  Copies of the papers seized are enclosed.  You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16.

Following the seizure of the telephones, the government obtained a search warrant to search those telephones.  Copies of the affidavit in support of the search warrants and the search warrants are enclosed.  Also enclosed is a compact disk containing the results of the search.

4. Reports of Examinations and Tests

The government will provide you will copies of any reports of examinations or tests in this case, as they become available.

5. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

6. Other Material

The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).  The government will

furnish the defendant before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).  The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

      The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

    7.   Other Crimes, Wrongs or Acts

      The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosures

      The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

      The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

      The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have further questions or requests, please do not hesitate to contact us.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney

By:  /s/_____
     Elizabeth A. Geddes
     Allon Lifshitz
     Assistant U.S. Attorneys

Enclosures

cc:  Clerk of Court (SJ) (w/o enclosures)



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2011R01744

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 11, 2012

<u>By Federal Express and ECF</u>

Joseph R. Corozzo, Jr., Esq.
Rubinstein & Corozzo LLP
260 Madison Avenue
New York, NY 10016

   Re: <u>United States v. Carmine Persico</u>
     <u>Criminal Docket No. 11-845 (SJ)</u>

Dear Mr. Corozzo,

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following additional discovery in the above-captioned case and incorporates by reference the government's discovery letters filed in <u>United States v. Andrew Russo, et al.</u> ("<u>Russo</u>") (Docket Entry Nos. 187, 239 and 374).  This discovery supplements the material provided to you by the government by letters dated December 22, 2011 and December 23, 2011.  The government also renews its prior requests for reciprocal discovery from the defendant.

  1. <u>Statements of the Defendant</u>

  In a letter filed on January 31, 2011 in <u>Russo</u>, the government detailed various consensual recordings made by cooperating witnesses of various individuals, including the defendant.  (<u>See</u> <u>Russo</u>, Docket Entry No. 187).  You may obtain these materials by contacting John Palermo at (973) 895-1359.  Please make sure you reference the discovery letter, dated January 31, 2011, filed in <u>United States v. Andrew Russo</u>, Criminal Docket No. 11-0030 (KAM), when ordering these materials.  Please note that these materials are subject to the protective order entered on February 25, 2011, a copy of which is enclosed.  (<u>See</u> Docket Entry No. 269).

  Specifically, in or about and between September 2009 and January 2011, a cooperating witness, who was an associate of the Colombo family, consensually recorded meetings with the defendant and his associates.  This witness was identified in the

Russo letter as CW-4.  The government currently understands that the defendant was intercepted on Exhibits 871, 873 and 928.  A copy of the discovery letter, filed on January 31, 2011 in Russo, in which the materials were detailed is also enclosed.

Counsel will be able to obtain transcripts related to these consensual recordings (and consensual recordings yet to be produced) as the transcripts become available and once the enclosed stipulation regarding the transcripts is signed and returned to the government.

2. The Defendant's Criminal History

A copy of a report detailing the defendant's criminal history is also enclosed.

3. Documents and Tangible Objects

The government is in possession of four cellular telephones, $2,000 in United States currency and various papers that were seized from the defendant's residence on the day of his arrest.  Copies of the papers seized are enclosed.  You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16.

Following the seizure of the telephones, the government obtained a search warrant to search those telephones.  Copies of the affidavit in support of the search warrants and the search warrants are enclosed.  Also enclosed is a compact disk containing the results of the search.

4. Reports of Examinations and Tests

The government will provide you will copies of any reports of examinations or tests in this case, as they become available.

5. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

6. Other Material

The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).  The government will

furnish the defendant before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

    7.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

   If you have further questions or requests, please do not hesitate to contact us.

          Very truly yours,

          LORETTA E. LYNCH
          United States Attorney

        By: /s/_____
          Elizabeth A. Geddes
          Allon Lifshitz
          Assistant U.S. Attorneys

Enclosures

cc: Clerk of Court (SJ) (w/o enclosures)