UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

               11-cr-845 (SJ)

 - against -

CARMINE PERSICO

      Defendant.
----------------------------------------------------------x

# CARMINE PERSICO'S MOTION TO SUPPRESS EVIDENCE GAINED IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS

RUBINSTEIN & COROZZO, LLP
*Attorneys for Carmine Persico*
260 Madison Avenue, 22nd Floor,
New York, NY 10016
(212)545-8777

A.                     **FACTUAL BACKGROUND**

Carmine Persico was arrested October 25, 2011 at his residence in Long Island, New York pursuant to an arrest warrant based on a complaint charging conspiracy to use extortionate means to collect and attempt to collect an extension of credit, in violation of 18 U.S.C. § 894(a). Mr. Persico lives at the aforementioned residence with his mother, brother and sister-in-law. At the time of his arrest law enforcement seized four cellular phones they claim were in "plain view" in Mr. Persico's bedroom. *See* affidavit by Scott R. Curtis signed October 27, 2011, attached as Exhibit A, herein after ("Curtis Affidavit") at 10-11 ¶ 24. Mr. Persico is the owner of these phones. *See* affidavit by Carmine Persico attached as Exhibit B.

On October 27, 2011 Special Agent Scott R. Curtis submitted an affidavit purporting to provide probable cause for a warrant to search the contents of the phones seized from Mr. Persico's home. The "Probable Cause" section of the affidavit stated consensual recordings revealed Carmine Persico spoke "by telephone" with Anthony Russo who is alleged in the Indictment to be a captain within the so-called Colombo family "to arrange meetings to conduct and discuss illegal activity." Curtis affidavit at 11 ¶ 25. The affidavit further stated Mr. Persico arranged a meeting "by telephone" between "then Colombo family street boss Andrew Russo and Anthony Russo" and that a contact stored in Russo's phone[1] was titled "CP" which the agent believed referred to Mr. Persico. *Id.* There is nothing in the affidavit stating Mr. Persico used any of the cellular phones that were seized from his residence to arrange meetings or conduct illegal

---

[1] It is unclear whether the affiant referred to Anthony or Andrew Russo.

1

activity. On October 27, 2011 Magistrate Judge Ramon E. Reyes, Jr. signed a search warrant authorizing the search of "Four Cellular Telephones."

Mr. Persico contends 1) the cellular phones were illegally seized without a warrant at the time of his arrest, 2) that the affidavit did not provide a sufficient basis for the magistrate to make an independent determination of probable cause, and 3) if the affidavit did provide a sufficient basis, the facts did not rise to the level of probable cause. For these reasons, both the seizure of the phones and the search of their contents violated Mr. Persico's Fourth Amendment rights and any evidence derived therefrom must be suppressed.

**B.** **STANDING**

A defendant must have a reasonable expectation of privacy in the place searched to have standing to mount a challenge on Fourth Amendment grounds. *United States v. Fields*, 113 F.3d 313, 320 (2d Cir. 1997). Persico has standing to challenge the search and seizure of his cellular phones as he had a reasonable expectation of privacy in their contents. *See United States v. De La Paz*, 43 F. Supp. 2d 370, 371-373 (S.D.N.Y. 1999), *see also United States v. Gomez*, 2011 U.S. Dist. LEXIS 97984 (S.D. Fla. Aug. 12, 2011). Modern cellular phones can record incoming and outgoing calls, store address books, calendars, voice and text messages, emails, videos, and photographs. *United States v. Park*, 2007 U.S. Dist. LEXIS 40596. Clearly, the expectation of privacy in phones is reasonable as they often contain "highly personal information" and can easily record "private thoughts and conversations." *Id.* at 22. It is reasonable to expect this information

2

would be "free from intrusion from both the government and the general public." *United States v. James,* 2008 U.S. Dist. LEXIS 34864 (E.D. Mo. Apr. 29, 2008) *citing United States v. Finley,* 477 F.3d 250, 259 (5th Cir. 2007).

### C. EVIDENCE FROM THE CELLULAR PHONES MUST BE SUPPRESSED BECAUSE THE PHONES WERE UNLAWFULLY SEIZED FROM THE HOME OF CARMINE PERSICO AT THE TIME OF HIS ARREST

The Fourth Amendment protects individuals from unreasonable searches and seizures. *U.S.C.A. Const. Amend. IV* ("[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...").

Warrantless searches and seizures are presumptively unreasonable. *Kyllo v. United States,* 533 U.S. 27, 31, 121 S. Ct. 2038, 150 L. Ed. 2d 94 (2001), *see also United States v. Howe,* 2011 U.S. Dist. LEXIS 57491 *citing United States v. Place,* 462 U.S. 696, 701, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983) (Seizures of personal property without a judicial warrant are "*per se* unreasonable" unless law enforcement has probable cause to believe that the property holds contraband or evidence of a crime). In the course of executing an in-home arrest pursuant to an arrest warrant, law enforcement may seize contraband found in plain view only if three conditions are met. *United States v. Hill,* 2005 U.S. Dist. LEXIS 31240 (D. Conn. Nov. 18, 2005) *citing Horton v. California,* 496 U.S. 128, 136, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990). First, the officers must not be present in the home in violation of the Fourth Amendment. *Id. at 38.* Second, the item must be in plain view and "its incriminating character must be immediately apparent. *Id.*

3

Third, the item must be plainly seen from where the officer is located and the officer must have a "lawful right of access to the object itself." *Id.* See also *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993) (listing the three conditions for a valid seizure of evidence in plain view); *United States v. Kiyuyung*, 171 F.3d 78, 83 (2d Cir. 1999) (same). *See also United States v. Santos*, 303 F. Supp. 2d 333 at 345-346 (S.D.N.Y. 2003) (*citing Maryland v. Buie*, 494 U.S. 325, 108 L. Ed. 2d 276, 110 S. Ct. 1093 (1997) (protective sweeps); *Horton v. California*, 496 U.S. 128, 110 L. Ed. 2d 112, 110 S. Ct. 2301 (1990) (plain view)).

The plain view exception allows officers to seize items without a warrant only if the incriminating character of the items is immediately apparent. The incriminating character of the cellular phones located at Mr. Persico's home within the view of arresting officers *could not* have been immediately apparent to the officers. First, multiple people reside in Mr. Persico's home and the officers had no way to know whether the phones belonged to Mr. Persico or to other residents of the home such as Mr. Persico's mother, brother, or sister-in-law. Second, cellular phones are unlike firearms, drugs, or other weapons which are intrinsically incriminatory. Moreover, the presence of cellular phones in Mr. Persico's home did not imbue the phones with an incriminating character. *See United States v. Solomon*, 2011 U.S. Dist. LEXIS 48010 (incriminating character of ammunition present in felon's home was immediately apparent as felon was not permitted to have ammunition). Thus, it was impossible the officers could have immediately understood the phones to be incriminatory simply from observing them at the time they arrested Mr. Persico.

4

Furthermore, a comparison between the facts in the instant case and cases where cellular phones were *lawfully seized* pursuant to the plain view exception illuminates the non-incriminatory character of the cell phones seized from Mr. Persico's home. In *United States v. Yockey*, 654 F. Supp. 2d 945 (N.D. Iowa 2009), the Court held seizure of the defendant's cellular phone pursuant to the plain view exception was lawful because the incriminating character of the phone became immediately apparent to an officer who inadvertently observed an imagine depicting child pornography on the defendant's phone. *Id.* at 958. In the instant case there was nothing unique about the phones that would cause the officers to immediately ascertain an incriminatory character. For all the officers knew, the phones could have been old and non-functioning. Nonetheless, the officers unlawfully seized the phones *in hopes* of discovering something incriminatory.

"Once a defendant does establish a basis for a suppression motion, the Government must prove that the search was proper by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n. 14, 39 L. Ed. 2d 242, 94 S. Ct. 988 (1974); *Bumper v. North Carolina*, 391 U.S. 543, 548, 20 L. Ed. 2d 797, 88 S. Ct. 1788 (1968); *United States v. Calvente*, 722 F.2d 1019, 1023 (2d Cir. 1983). The officers illegally seized the four cellular phones from the home of Carmine Persico in violation of his Fourth Amendment rights because the plain view exception did not apply and their contents must be suppressed.

**D.     THE WARRANT APPLICATION DID NOT PROVIDE SUFFICIENT FACTS TO ENABLE THE MAGISTRATE JUDGE TO MAKE AN INDEPENDENT DETERMINATION OF PROBABLE CAUSE**

5

The Fourth Amendment proscribes the issuance of search warrants that are not based upon probable cause. *U.S.C.A. Const. Amend. IV.* ("no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place" and whether it exists is determined by the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). The probable-cause standard is "a 'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Maryland v. Pringle,* 540 U.S. 366, 370 (2003)(quoting *Gates,* 462 U.S. at 231). Importantly, mere suspicion *does not* rise to the level of probable cause. *United States v. Genin,* 594 F. Supp. 2d 412, 418 (S.D.N.Y. 2009) citing *Walczyk v. Rio,* 496 F.3d 139, 156 (2d Cir. 2007) (quoting *Mallory v. United States,* 354 U.S. 449, 455, 77 S. Ct. 1356, 1 L. Ed. 2d 1479 (1957) and *Gates,* 462 U.S. at 231).

Sufficient facts must be provided in the warrant application to enable the issuing judge to independently determine whether probable cause exists. *United States v. Genin,* 594 F. Supp. 2d 412, 418 (S.D.N.Y. 2009) *citing United States v. Travisano,* 724 F.2d 341, 345 (2d Cir. 1983). A judge may not simply "rubber stamp" the conclusions of law enforcement agents. *Id.* "It is the magistrate's duty to hold the balance steady between the protection of individual privacy on the one hand and the public need to recover evidence of wrongdoing on the other." *Travisano,* 724 F.2d at 345 *citing United States v. Beltempo,* 675 F.2d 472, 477 (2d Cir.), *cert. denied,* 457 U.S. 1135, 102 S. Ct. 2963, 73

L. Ed. 2d 1353 (1982). Moreover, probable cause must exist at the time of the search, therefore, the facts in the affidavit must be "sufficiently close in time to the issuance of the warrant and the subsequent search." *United States v. Barker*, 2012 U.S. Dist. LEXIS 229 (D. Vt. Jan. 3, 2012) *citing United States v. Wagner,* 989 F.2d 69, 75 (2d Cir. 1993). A warrant may not be issued upon stale information.

The warrant application for search of Mr. Persico's cellular phones failed to provide sufficient facts to enable the magistrate to make an independent finding of probable cause. At most, the affidavit provided the agent's conclusions and was devoid of a factual predicate to support them. For example, Agent Curtis asserted "Carmine Persico has spoken by telephone with Anthony Russo to arrange meetings to conduct and discuss illegal activity" but failed to provide *any detail* whatsoever on the illegal activity he claimed was conducted at the meetings or the basis for his belief that illegal activity *even was conducted and discussed* at these meetings. Curtis Affidavit at 11. Furthermore, there was no timeframe provided for when consensual recordings were made and when Mr. Persico was alleged to have arranged meetings with Anthony Russo. A timeframe was necessary to ensure information in the affidavit was not stale. The affidavit is inexplicably devoid of necessary facts to enable the magistrate to make an independent probable cause determination and, as a result all information recovered from the phones must be suppressed.

E. **THE WARRANT DID NOT SATISFY THE FOURTH AMENDMENT'S PARTICULARITY REQUIREMENT AND EVIDENCE DERIVED THEREFROM MUST BE SUPPRESSED**

7

The Fourth Amendment prohibits general searches by requiring that warrants particularly describe the "place to be searched and the persons or things to be seized." *U.S.C.A. Const. Amend. IV.* This ensures a search "will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (U.S. 1987).

The warrant simply states "Four Cellular Telephones" in its description of the property to be searched. *See* Search and Seizure Warrant attached as Exhibit C. Furthermore, descriptions in the affidavit amounted to nothing more than guesswork evidence of a crime would be found on Mr. Persico's cellular phones. The agent failed to provide any nexus linking the four cellular phones found at Mr. Persico's home where he resides with three other people with the "telephone" Mr. Persico was alleged to have used to arrange meetings. The affidavit did not allege Mr. Persico used any of the four cellular phones to arrange the meetings. Moreover, it did not even allege he used a cellular phone to arrange meetings or conduct any type of illegal activity. Thus, it was mere speculation that any of the four particular cellular phones would contain evidence of wrongdoing.

Even if there was probable cause evidence of a crime would be found on *one* of the cellular phones, the warrant would be overly general as it must provide a particular basis of probable cause for each of the four phones to be searched. *See Maryland v. Garrison*, 480 U.S. 79, 84 (U.S. 1987).

The Second Circuit case *United States v. Clark*, 638 F.3d 89 (2d Cir. N.Y. 2011), provides an example of the necessary nexus linking the particular place to be searched with probable cause evidence would be found there, a nexus that does not exist in the instant case. In *Clark*, the Court held there was probable cause the defendant was dealing

8

drugs from a *particular location* where the affidavit stated 1) an informant reported the defendant was dealing drugs from the specific address, 2) law enforcement surveilled the defendant and observed him enter and remain inside the address on multiple occasions, and 3) detailed two controlled buys the informant made directly from the defendant at or near the specific location. *Id.* at 104.

Without *any facts* linking the four cellular phones found in Mr. Persico's home to the alleged criminality, the search of these phones was "tantamount to exploratory rummaging in search of criminal evidence." *See United States v. Karrer*, 2010 U.S. Dist. LEXIS 100430 (W.D. Pa. Sept. 23, 2010) *citing Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987).

### F. UNDER THE TOTALITY OF THE CIRCUMSTANCES THERE WAS NO PROBABLE CAUSE THE CELLULAR PHONES CONTAINED EVIDENCE OF WRONGDOING

The totality of the circumstances contained in the affidavit did not provide probable cause the contents of any of the four cellular phones found at Mr. Persico's residence would contain evidence of a crime. The only facts in the entire affidavit relating to Mr. Persico were allegations he had arranged meetings "by telephone" with Anthony Russo, and that one of the contacts in Russo's phone was listed as "CP." Curtis Aff. at 9, 11. The affidavit also contained boilerplate language stating members of

organized crime used cellular phones to communicate with victims and arrange meetings with one another.[2] *Id.* at 11-12.

There is no information provided in the affidavit regarding *when* Mr. Perisco arranged meetings, *what* occurred at the meetings, and *why* the agent believed illegal activity was conducted at the meetings. Without more, the agent's assertions are baseless conclusions that do not amount to probable cause.

In addition, in attempt to inflate the government's case for probable cause, the agent speculated that a contact in Russo's phone labeled "CP" was Carmine Persico. The agent did not state why he believed CP was Carmine Persico as opposed to the hundreds of others with these initials. Moreover, at the time the agent applied for a warrant Russo was cooperating with the Government and could have easily verified whether "CP" was Mr. Persico and what his correct phone number was. Instead, the agent simply guessed "CP" was Mr. Persico and failed to include any of Mr. Persico's phone numbers to support his claim of probable cause.

We submit the cellular phones in Mr. Persico's home were unlawfully seized without a warrant and, in addition, the warrant issued for search of the phones contained insufficient information for the magistrate to make an independent probable cause decision, the warrant was unconstitutionally general, and did not contain circumstances amounting to probable cause. For these reasons, any evidence from the cellular phones must be suppressed as the search and seizure of the phones was patently unreasonable and in violation of Mr. Persico's Fourth Amendment rights.

---

[2] The agent stated that members of organize crime use cellular phones but this rational, without more, cannot be relied upon this day in age where nearly everyone uses cellular phones to conduct their daily professional and personal lives.

Dated: New York, New York  
       January 31, 2012

Respectfully submitted,

RUBINSTEIN & COROZZO, LLP  
*Attorneys for Carmine Persico*  
260 Madison Avenue, 22nd Floor,  
New York, NY 10016  
(212)545-8777

By:    s/ Joseph R. Corozzo  
       JOSEPH R. COROZZO

       s/ Carla Sanderson  
       CARLA SANDERSON