UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

                11-cr-845 (SJ)

  - against -

CARMINE PERSICO

       Defendant.
-----------------------------------------------------------x

## CARMINE PERSICO'S REPLY MEMORANDUM OF LAW

## INTRODUCTION

The Government's opposition to Carmine Persico's Motion to Suppress serves only to substantiate that Mr. Persico's Fourth Amendment rights were indeed violated. In sum and substance, the Government claims Mr. Persico's alleged ties to organized crime in and of itself sufficed to provide probable cause for the warrantless seizure of the cellular phones and the subsequent issuance of a search warrant, even absent any articulable allegation that Mr. Persico used the cellular phones to conduct illegal activity. Additionally the Government erroneously argues the proper remedy for law enforcement's Fourth Amendment violations is the good faith exception to the exclusionary rule. However, the good faith exception is inapplicable to the illegal seizure of the cellular phones and the Government may not invoke the good faith exception where the warrant application was devoid of any indicia of probable cause.

## MR. PERSICO'S ALLEGED TIES TO ORGANIZED CRIME DO NOT RISE TO THE LEVEL OF PROBABLE CAUSE TO JUSTIFY A PLAIN VIEW SEIZURE OR ISSUANCE OF A WARRANT FOR THE CELLULAR PHONES

The Government claims Mr. Persico's alleged ties to organized crime provided carte blanche probable cause for a warrantless seizure of all cellular phones in his presence as well as probable cause for issuance of a search warrant for the contents of the phones even without any cause to believe the specific phones were used to commit crimes.[1] The warrant application did not allege Mr. Persico ever utilized any cellular

---

[1] Gov. Br. at 6-12. In addition, it is unclear how the incriminating character of the cellular phones was immediately apparent to arresting agents where *they could not even ascertain whether the*

1

phones, let alone the cellular phones taken from his bedroom to arrange meetings or otherwise conduct criminal activity. In attempt to eschew this vital deficiency, the Government makes the sweeping assertion that the mere presence of cellular phones in Mr. Persico's bedroom "constituted evidence of the existence, structure, and protocol of the Colombo family and La Cosa Nostra."[2]

The fact that Mr. Persico had cellular phones in his bedroom was an insufficient basis to seize and obtain a warrant for search of the phones notwithstanding the agent's opinion that individuals with ties to organized crime typically utilize cellular phones to communicate with one another. *See* United States v. Guzman, 1998 U.S. Dist. LEXIS 1538 (S.D.N.Y. Feb. 11, 1998) (*citing* United States v. Rosario, 918 F. Supp. 524, 531 (D.R.I. 1996) ("Permitting 'a search warrant based solely on the self-avowed expertise of a law-enforcement agent, without any other factual nexus to the subject property, would be an open invitation to vague warrants authorizing virtually automatic searches of any property used by a criminal suspect.'")).

The flaws in the Government's position become especially clear when considering precedent that membership or association with a racketeering enterprise is not in and of itself a crime. United States v. Anthony Romanello, (E.D.N.Y. 2012) 10-cr-929 (S-1)(ILG) (*citing* United States v. Bonnano Organized Crime Family, 683 F.Supp. 1411, 1429 (E.D.N.Y 1988) ("mere membership in an organized crime organization is not a RICO offense"), Rastello v. Warden Metropolitan Correctional Center, New York, et al., 622 F.Supp. 1387 (SDNY 1985)). In *Romanello*, the Court ruled statements

---

*cellular phones worked* without first unlawfully seizing and examining the phones. *See* Arizona v. Hicks, 480 U.S. 321, 325 (U.S. 1987) (officers moving stereo equipment to determine serial numbers constituted a search and was not justified by the circumstances relating to officers presence in the home).
[2] Gov. Br. at 8.

regarding "intimate knowledge of the structure and hierarchy of the Genovese Crime Family" were not admissible as declarations against penal interest because *it is not illegal to be a member in a RICO enterprise. See id.* at *12. As it is not criminal to associate with a RICO enterprise, the general information sought from Mr. Persico's phones was nothing more than a fishing expedition embarked upon by law enforcement to gain unfettered access to a goldmine of personal information regarding Mr. Persico and his communications in hopes of discovering incriminating evidence.[3]

Finally, the draconian effects of the Government's position would obliterate the Fourth Amendment rights of anyone who is allegedly tied to organized crime through friendship, marriage, family or otherwise. This overly inclusive standard, if adopted, would create a massive class of individuals whose personal communication devices, cellular phones, iPhones, and computers are automatically subject to search and seizure merely because such devices facilitate communication between alleged members of an enterprise. This would not only violate the Fourth Amendment rights of these individuals but would also raise serious First Amendment implications.

The Government cites no authority for creation of such a broad and amorphous standard. We submit that in light of Second Circuit precedent, an agent's belief that someone is associated with a criminal enterprise does not alone rise to the level of probable cause to search and seize the individual's cellular telephones absent a specific factual nexus that the individual used the phones to commit crimes. As there were *no*

---

[3] The Government cites distinguishable case law whereby the incriminatory character of cellular phones in possession of a drug dealer were immediately apparent to a trained DEA agent because cellular phones are "tools of the drug trade." *See* Gov. Br. at 8 *citing* United States v. Reyes, 2007 WL 419636 (D. Conn. Jan. 30, 2007). It is illegal to sell drugs using cellular phones. It is not illegal for people who have ties to organized crime to communicate with each other or even arrange meetings with one another via cellular phones.

3

*allegations* Mr. Persico used any of the cellular phones in his bedroom to commit crimes, or even arrange meetings, the fact that "members and associates of organized crime used telephones to communicate with other members and associates of organized crime" failed to provide the issuing magistrate with a "substantial basis for the finding of probable cause." *See* United States v. Singh, 390 F.3d 168, 181 (2d Cir. 2004) (*quoting* United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993)).

## THE *LEON* GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE DOES NOT APPLY IN THIS CASE

The Government incorrectly asserts that the good faith exception to the exclusionary rule permits the admission of illegally obtained evidence in the instant case. *See* Gov. Br. at 11-12. Importantly, if a warrant was defective or the search and seizure were otherwise unlawful due to *law enforcement* error, the good faith exception may not be invoked as the purpose of the exclusionary rule is to deter police misconduct. *See* United States v. Clark, 638 F.3d 89, 99 (2d Cir. N.Y. 2011) (*citing* United States v. Leon, 468 U.S. 897, 921-922 (U.S. 1984)).

First and foremost, the good faith exception is entirely inapplicable to the illegal seizures of Mr. Persico's cellular phones upon his arrest as the officers relied upon nothing other than their own desire to seize the phones without first complying with Fourth Amendment requirements.

Second, the good faith exception does not apply in circumstances where a warrant application "is so lacking in indicia of probable cause as to render reliance upon it

unreasonable" or where "the warrant is so facially deficient that reliance upon it is unreasonable." *Id. citing* United States v. Moore, 968 F.2d 216, 222 (2d Cir. 1992).

In *United States v. Jones*, 2011 U.S. Dist. LEXIS 50237 (E.D. Pa. May 11, 2011), the Court held the good faith exception did not apply because there was "a complete absence of indicia of probable cause" in the affidavit. *Id.* at 18. In *Jones*, the warrant application failed to provide probable cause that evidence of a gun possession crime would be found in the defendant's home because it failed to establish the defendant's possession of the gun was illegal. *See id.* at 8-12, 18. In the case at hand, the warrant application was similarly devoid of any indicia of probable cause where the agent's application not only failed to establish Mr. Persico ever used cellular phones but also failed to establish it was illegal to communicate or associate with members of a RICO enterprise.

As explained above and in our prior submission, the agent's belief that individuals tied to organized crime utilize cellular phones fell far short of probable cause that evidence of a specific crime would be found on the cellular phones discovered at Mr. Persico's home. Because a well trained agent would know that a search warrant based on nothing other than boilerplate allegations that individuals associated with a criminal enterprise utilize cellular phones is unlawful, the good faith exception can not apply. *See* Leon, 468 U.S. at 922 n.23.

The burden is on the Government to prove the good faith exception applies[4] and it has failed to meet its burden. Because law enforcement is responsible for illegally seizing the cellular phones without probable cause and improperly manufacturing probable cause

---

[4] United States v. Clark, 638 F.3d 89, 99 (2d Cir. N.Y. 2011).

in the barebones search warrant application the good faith exception to the exclusionary rule is inapplicable here.

Dated: New York, New York
       February 10, 2012

Respectfully submitted,

RUBINSTEIN & COROZZO, LLP
*Attorneys for Carmine Persico*
260 Madison Avenue, 22nd Floor,
New York, NY 10016
(212)545-8777

By:   s/ Joseph R. Corozzo
      JOSEPH R. COROZZO

s/ Carla Sanderson
CARLA SANDERSON