UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                                   REPORT AND
          - against -             RECOMMENDATION

                                   CR 11-845 (SJ)(MDG)
CARMINE PERSICO,

                    Defendant.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

      Defendant Carmine Persico was indicted on two counts for conspiracy to use extortionate means to collect and attempt to collect an extension of credit in violation of 18 U.S.C. §§ 894(a)(1) and 3551 et seq.  The Honorable Sterling Johnson has referred to me for report and recommendation Persico's motion to suppress the seizure of four cellular telephones and a search of their contents.

## BACKGROUND

      The following facts are undisputed.

      On October 25, 2011, Persico was arrested at his residence in Long Island, New York pursuant to an arrest warrant for a violation of 18 U.S.C. § 894.  Affidavit of Scott R. Curtis dated October 27, 2011 (ct. doc. 35-1) ("Search Aff.") at ¶ 23.  In the course of executing the arrest warrant, the FBI seized four cellular telephones from Persico's bedroom that the government

claims were in "plain view."[1]  Id. at ¶ 24.

The government subsequently sought on January 31, 2012, a warrant to search the four cellular telephones.

In support of the application for a search warrant, the government submitted the affidavit of Special Agent Curtis, the FBI agent who seized the telephones and was also the affiant on the complaint in support of the arrest warrant for Persico, which was incorporated by reference in the search warrant application. Agent Curtis averred that he has been employed by the FBI since 1996 and has been involved in various criminal investigations of organized crime.  Id. at ¶ 1.  He is currently assigned to the squad tasked with investigating the Colombo organized crime family, of which Persico is alleged to be a long-time associate. Id.; Complaint and Affidavit in Support of Arrest Warrant (ct. doc. 36-1) at ¶ 14.  Based on his training and experience, at the time he seized the subject telephones, Agent Curtis was aware that organized crime members and associates often communicate with other members and associates using cellular telephones to arrange meetings, communicate with extortion victims by cellular telephone, store criminal associates' contact information in their cellular telephones and carry multiple cellular telephones. Search Aff. at ¶¶ 26-28.

Agent Curtis was also aware through consensual recordings

─────────────────────────────

[1] By affidavit, Persico states that the cellular telephones were seized "from a dresser drawer in [his] bedroom."  Affidavit of Carmine Persico dated January 26, 2012 (ct. doc. 35-2) at ¶ 3. However, he does not state that his dresser drawer was closed nor has he disputed that the telephones were found in "plain view."

and telephone records that Persico used cellular telephones to arrange meetings with organized crime members and associates. Id. at ¶ 25.  Specifically, Agent Curtis knew that Persico used a telephone to arrange a meeting between Anthony Russo, a then-Colombo family soldier, and then-Colombo family street boss, Andrew Russo.  Id. at ¶ 25.  The agent was further aware that Persico used telephones to communicate with Anthony Russo in connection with the conspiracy to use extortionate means to collect a debt charged in the Complaint.  Id.  Finally, Agent Curtis mentioned he knew from the review of a cellular telephone seized from Anthony Russo in January 2011 that a contact stored in Russo's phone was titled "CP" which the agent believed was shorthand for Carmine Persico.  Id.

Based on Agent Curtis's affidavit, the Honorable Ramon E. Reyes issued a search warrant to search the four cellular telephones.

Persico argues that the cellular telephones were seized without probable cause and that the subsequent search of the telephones pursuant to a warrant was conducted without probable cause.

**DISCUSSION**

Seizure of Cellular Telephones

It is well settled that a warrantless search is "per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions."  Mincey

v. Arizona, 437 U.S. 385, 390 (1978).  The plain view doctrine permits a warrantless seizure where the agent is lawfully located in the place from which the seized object could be plainly viewed and the incriminating character of the object is immediately apparent.  See U.S. v. Pughe, 441 Fed. Appx. 776 (2d Cir. 2011); see also Horton v. California, 496 U.S. 128, 136 (1990).  The seized object need not be contraband, all that is required is that the officer "have probable cause to suspect that the item is connected with criminal activity." U.S. v. Brown, 157 F.3d 46, 54 (2d Cir. 1998); see Texas v. Brown, 460 U.S. 730, 741-42 (1983); U.S. v. Williams, 112 Fed. Appx. 81 (2d Cir. 2004).

Persico contends that the incriminating character of the cellular telephones could not have been immediately apparent to the agents for two reasons.  First, Persico argues that since multiple people reside in his home the agents could not have known to whom the telephones belonged.  However, as the phones were recovered from Persico's bedroom, the agent had good reason to believe that they belonged to Persico.  Second, defendant contends that cellular telephones are not intrinsically incriminatory.  On the contrary, many courts have upheld seizures of cellular telephones under the plain view doctrine recognizing that cellular telephones are known tools of the drug trade and are likely to be connected to criminal activity.  See, e.g., U.S. v. Reyes, 2007 WL 419636, at *5-*6 (D. Conn. 2007) (denying motion to suppress seizure of cellular telephones under plain view doctrine); U.S. v. Hernandez, 738 F. Supp. 779, 783

(S.D.N.Y. 1990) (finding seizure of cellular telephone and beeper proper under plain view doctrine); see also U.S. v. Lisbon, 2011 WL 6014453, at *23-*24 (N.D. Ga. 2011) (same); U.S. v. Santillan, 571 F. Supp. 2d 1093, 1100-1101 (D. Ariz. 2008) (same); U.S. v. Stuckey, 325 F. Supp. 2d 793, 809-10 (E.D. Mich. 2004) (same).

In his affidavit, Agent Curtis showed that cellular phones are used in criminal activity relating to conspiracies to use extortionate means to collect a debt, just as they would be used in drug trafficking conspiracies. Based on the seizing agent's experience working on organized crime investigations, he knew that members and associates of organized crime carry multiple cellular telephones, use cellular telephones to arrange meetings with each other, store their criminal associates' contact information in their cellular telephones and often communicate with extortion victims with cellular telephones. The agent was also aware through consensual recordings and telephone records that Persico had personally arranged meetings with organized crime members and associates with telephones, including arranging a meeting between the Russos. The agent also knew that Persico communicated with Anthony Russo using telephones in connection with the charged conspiracy. Based on the above information, Agent Curtis had probable cause to believe that the seized telephones were connected to criminal activity and Magistrate Judge Reyes so found in issuing the warrant.

Search Warrant

Defendant argues that the warrant application for the search of Persico's cellular telephones did not provide sufficient facts for a finding of probable cause.  As a preliminary matter, courts recognize that "a search or seizure pursuant to a warrant is presumed valid."  U.S. v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003).  As the Supreme Court noted, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts."  Illinois v. Gates, 462 U.S. 213, 236 (1983) (internal quotation marks and citations omitted).  "The task of the issuing magistrate or judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  U.S. v. Falso, 544 F.3d 110, 117 (2d Cir. 2008) (quoting Gates, 462 U.S. at 238).

Just as courts have sustained the seizure of cellular phones in "plain view" during a defendant's arrest, other courts have found probable cause to search a cellular telephone seized during the arrest.  U.S. v. Barret, 2011 WL 5579079, at *20-*22 (E.D.N.Y. 2011) (citing U.S. v. Lam, 2006 WL 2864019 (W.D.N.Y. 2006)).  In Barret, Judge Matsumoto found that the issuing Magistrate Judge properly relied on the affidavit describing the investigation into a drug distribution organization led by defendant and the agent's experience that narcotics traffickers

typically use cellular phones to communicate and store information.

The affidavit submitted in support of the search warrant at issue here, as well as the affidavit incorporated by reference submitted in support of the arrest warrant, describes the information derived from the investigation into the extortion conspiracy involving Persico and referred to several meetings and conversations between defendant and Anthony Russo.  In addition, as discussed above, the affidavit in support of the search warrant states that Persico used telephones to arrange meetings related to the charged conspiracy and one of the contacts in Russo's phone which was seized in January 2011 was believed to be the defendant's initials.  Finally, the search warrant affidavit contains the information discussed above with respect to the agent's experience with the use of cellular telephones by members of organized crime.  These facts provide a sufficient nexus between the cellular phones found in Persico's bedroom and the criminal activities in which he is alleged to have played a role. "A showing of nexus does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience." U.S. v. Singh, 390 F.3d 168, 182 (2d Cir. 2004) (internal quotations and citations omitted).

Based on the totality of the circumstances derived from the information submitted to Magistrate Judge Reyes, I find that there was probable cause to believe that evidence of a crime would be found in the information stored on defendant's cellular

telephones.  See Lam, 2006 WL 2864019, at *5 (citing U.S. v. Gaskin, 364 F.3d 438, 457-58 (2d Cir. 2004)).  Contrary to defendant's suggestion, the affidavit need not "provide a particular basis of probable cause for each of the four phones to be searched."  Def.'s Mem. at 8.  It is sufficient that the evidence could have been found on any of the phones seized.  Cf. U.S. v. Lacy, 119 F.3d 742 (9th Cir. 1997) (upholding search of all of defendant's computer equipment since government could not know whether child pornography was stored on hard drive or computer disks).

Defendant further argues that the information in the search warrant affidavit was stale.  "[T]he principal factors in assessing whether or not the supporting facts have become stale are the age of those facts and the nature of the conduct alleged to have violated the law."  U.S. v. Rowell, 903 F.2d 899, 903 (2d Cir. 1990) (quoting U.S. v. Martino, 664 F.2d 860, 867 (2d Cir. 1981)).  Like narcotics conspiracies, an extortion conspiracy to collect a debt among organized crime members is a continuing enterprise for which temporal requirements should be relaxed. See Rowell, 903 F.2d at 903.  Here, Persico was alleged to have been an associate of organized crime at the time of his arrest and the telephones seized may contain pertinent information regarding his activities prior to his arrest.  In addition, the nine-month passage of time between the seizure of Russo's telephone with "CP" among the contacts does not render the information in the affidavit stale.

Finally, defendant argues that the search warrant does not satisfy the particularity requirement.  He contends that the warrant simply states "Four Cellular Telephones" in its description of the property to be searched, apparently because the attachment describing the four specific cellular telephones to be searched was inadvertently omitted from the warrant. Govt's Br. at 15 n.2.

The Fourth Amendment expressly requires that a warrant describe with particularity the places to be searched and the items to be seized.  See Groh v. Ramirez, 540 U.S. 551 (2004). In Groh, the Supreme Court invalidated a warrant to search a residence because the warrant did not provide any description of the items to be seized.  Id.  The Court found that the fact that the application for the warrant adequately described the things to be seized did not save the warrant.  Id. at 557.  The search warrant at issue contained a sufficiently specific description of the information to be seized from the four cellular phones and there was little likelihood that the agents would search any cellular phones other than the ones seized during the arrest of Persico.  However, without the attachment with a specific description of the property to be searched -- i.e., the specific phones, I find the warrant issued failed to satisfy the particularity requirement of the Fourth Amendment since "we may no longer rely on unincorporated, unattached supporting documents to cure a constitutionally defective warrant."  See U.S. v. Rosa, 626 F.3d 56, 61-62 (2010) (finding warrant unconstitutional

because it permitted officers to seize and search certain electronic devices but provided no guidance as to the type of criminal conduct suspected or the particular items to be seized).

Relying on United States v. Leon, 468 U.S. 897 (1984), the government argues that the exclusionary rule would not bar the prosecution from using evidence obtained by officers acting in reasonable reliance on a search warrant subsequently found to be invalid.  As the Second Circuit held in Rosa, the district court properly declined to exclude the evidence found under the good faith exception to the exclusionary rule and properly relied on the supporting affidavits in determining that "the officers acted in good faith."  Id. at 64.

Here, since the affidavit submitted in support of the application for a search warrant specifically describes the cellular phones to be searched and refers to the fact that they were seized during defendant's arrest, I find that the agents acted in good faith in relying on the warrant.  There is no claim that the agents searched items other than those described in the affidavit nor is there a likelihood that they would under the circumstances of this case.  Moreover, unlike the search of the home at issue in Groh, which could have encompassed more items than the Magistrate intended, there is no doubt about which "Four Cellular Telephones" Magistrate Judge Reyes authorized to be searched.  This Court thus finds that the "failure to ensure that the items to be seized were properly limited under the express terms of the warrant was simply an inadvertent error that was the

product of 'isolated negligence.'" <u>Id.</u> at 65 (quoting <u>Herring v.</u> <u>U.S.</u>, 555 U.S. 135, 137 (2009)).  There is no evidence of "deliberateness" or "culpability" on the part of the agents to warrant suppression.  <u>Id.</u> at 65-66.  Under the circumstances, the exclusion of the resulting evidence would serve little purpose.

<u>**CONCLUSION**</u>

For the foregoing reasons, I recommend that this Court deny Persico's motion to suppress.  This report and recommendation will be electronically filed and notice electronically sent to the parties on this date.  Since the trial is scheduled to begin on March 26, 2012, any objections to this Report and Recommendation must be electronically filed, with a courtesy copy sent to Judge Johnson, by March 21, 2012.  <u>See</u> <u>United States v.</u> <u>Barney</u>, 568 F.2d 134, 136 (9th Cir. 1978); <u>Hidalgo v. New York</u>, 2011 WL 5838489, at *5 (E.D.N.Y. 2011); <u>U.S. v. Doherty</u>, 2009 WL 1310877, at *10 (E.D.N.Y. 2009); <u>Hispanic Counseling Ctr., Inc.</u> <u>v. Incorporated Village of Hempstead</u>, 237 F. Supp.2d 284, 290 (E.D.N.Y. 2002).  Failure to file objections within the specified time waives the right to appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated: Brooklyn, New York
       March 13, 2012

                                   /s/
                                   MARILYN DOLAN GO
                                   UNITED STATES MAGISTRATE JUDGE